# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Unknown manufacturer, model M2HB, .50 caliber rifle, serial number 010013 converted into a machinegun by SBGW;<br>MAADI, model ARM, 7.62x39 mm rifle, with obliterated serial number converted into a machinegun by SBGW;<br>Unknown manufacturer, model A, 9mm rifle, serial number SA14161 converted into machinegun by SBGW;<br>Ruger, model mini-14, .223 caliber rifle, serial number 186-54192 made into a SBR by SBGW;<br>Sig Sauer, model MCX Rattler, .223 caliber rifle, serial number 20L013436 made into a SBR by SBGW; and<br>American Tactical, 9mm rifle, serial number A774196 made into a SBR by SBGW,<br><br>　　　　Defendants. | 3:19-CV-616-MMD-CLB<br><br>**Default Judgment of Forfeiture and Final Judgment of Forfeiture** |

## I. FACTS

The National Firearms Act (NFA), 26 U.S.C. § 5845(b), provides the following definition for "machinegun":

> The term "machinegun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended

solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

The NFA, 26 U.S.C. § 5845(a), provides, in relevant part, the following definition for "firearm": "The term 'firearm' means . . . a rifle having a barrel or barrels of less than 16 inches[,] a weapon made from a rifle if such weapon as modified has . . . a barrel or barrels of less than 16 inches in length[, and] a machinegun . . . ." The rifles identified in that definition are known as a short-barreled rifles (SBR).

The NFA, 26 U.S.C. § 5861(d), makes it unlawful for any person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record."

The NFA, 26 U.S.C. § 5861(h), makes it unlawful for any person "to receive or possess a firearm having the serial number or other identification required by this chapter obliterated, removed, changed, or altered."

An individual must utilize an ATF Form 2 to register any manufactured firearm subject to the NFA, and a Form 2 must be filed by the close of the business day following the date of manufacture. 26 U.S.C. § 5841(a)–(c); 27 C.F.R. § 479.103.

The NFA, 26 U.S.C. § 5872(a), subjects to forfeiture any firearm involved in a violation of a provision of the NFA.

On April 27, 2016, ATF issued Federal Firearms License (FFL) Number 9-88-031-07-9E-04638 to Silver Bullet Gun Works (SBGW). The responsible persons on the SBGW FFL were Tina Clare, Raymond Clare, and Christopher Parker.

Tina Clare and Raymond Clare were responsible persons associated with the following four FFLs, all of which were manufacturing-and-dealing FFLs:

    i. SBGW, FFL Number 88-031-07-9E-04638;

    ii. Tina Clare, Sole Proprietor (TCSP), FFL Number 9-88-031-07-8G-02687;

    iii. Tina Clare Enterprises LLC (TCE), FFL Number 9-88-031-07-0F-04244; and

    iv. Big Shot Indoor Range LLC (BSIR), FFL Number 9-88-031-07-0L-04949.

The TCSP FFL expired on July 1, 2018. The TCE FFL expired on September 20, 2017. As of 2019, the SBGW and BSIR FFLs were active.

  On March 11, 2019, an ATF Industry Operations Investigator (IOI) conducted an inspection of BSIR during normal business hours. Because BSIR held an FFL, it was subject to an annual regulatory ATF inspection pursuant to 27 C.F.R. § 478.23. ATF provided BSIR advance notice of the inspection.

  During the inspection, the IOI identified the following six firearms on the premises:

    v. Unknown manufacturer, model M2HB, .50 caliber rifle, serial number 010013 converted into a machinegun by SBGW;

    vi. MAADI, model ARM, 7.62x39 mm rifle, with obliterated serial number converted into a machinegun by SBGW;

    vii. Unknown manufacturer, model A, 9mm rifle, serial number SA14161 converted into machinegun by SBGW;

    viii. Ruger, model mini-14, .223 caliber rifle, serial number 186-54192 made into a SBR by SBGW;

    ix. Sig Sauer, model MCX Rattler, .223 caliber rifle, serial number 20L013436 made into a SBR by SBGW; and

    x. American Tactical, 9mm rifle, serial number A774196 made into a SBR by SBGW.

  Items i, ii, and iii were "machineguns" and "firearms" as defined by, and subject to, the NFA. Items iv, v, and vi were "firearms" as defined by, and subject to, the NFA. Item ii had an obliterated serial number. Based on representations made by Tina Clare and Raymond Clare during the inspection, ATF associated the six firearms with SBGW's FFL.

  The IOI checked the status of the six firearms. The six firearms came back as unregistered with ATF. When the IOI questioned Tina Clare and Raymond Clare about the registration status of the six firearms, they provided two ATF Form 2s that they

3

claimed to have faxed to ATF. The two ATF Form 2s listed the six firearms, were dated October 8, 2018, and contained no ATF signature acknowledging receipt.

ATF neither received nor approved any Form 2s for the manufacture and registration of the six firearms. When asked by the IOI for any other paperwork or evidence, such as fax confirmations, showing that SBGW had properly and timely submitted Form 2s for the six firearms, Tina Clare and Raymond Clare were unable to provide any such paperwork or evidence.

Through their various FFLs, Tina Clare and Raymond Clare had filed Form 2s and received approval for the manufacture and registration of numerous NFA firearms. During the relevant time period, the typical turnaround time for approval of a Form 2 in the region was one month or less. At the time of the inspection, over five months had passed since the purported date of submission of the Form 2s. Even if SBGW did send Form 2s for the manufacture and registration of the six firearms, Tina Clare and Raymond Clare would have known, or had reason to know, that the Form 2s had not been received and approved by ATF.

On April 3, 2019, an ATF agent seized the six firearms.

The six firearms are the entirety of defendant property.

**II. PROCEDURE**

On October 9, 2019, the United States filed a verified Complaint for Forfeiture in Rem, ECF No. 1, alleging the Unknown manufacturer, model M2HB, .50 caliber rifle, serial number 010013 converted into a machinegun by SBGW; MAADI, model ARM, 7.62x39 mm rifle, with obliterated serial number converted into a machinegun by SBGW; Unknown manufacturer, model A, 9mm rifle, serial number SA14161 converted into machinegun by SBGW; Ruger, model mini-14, .223 caliber rifle, serial number 186-54192 made into a SBR by SBGW; Sig Sauer, model MCX Rattler, .223 caliber rifle, serial number 20L013436 made into a SBR by SBGW; and American Tactical, 9mm rifle, serial number A774196 made into a SBR by SBGW (defendant property):

///

    a. is any firearm involved in any violation of the provisions of the National Firearms Act, here a violation of 26 U.S.C. § 5861(d), and is subject to forfeiture to the United States pursuant to 26 U.S.C. § 5872(a).

    b. The MAADI, model ARM, 7.62x39 mm rifle, with obliterated serial number converted into a machinegun by SBGW, is any firearm involved in any violation of the provisions of the National Firearms Act, here a violation of 26 U.S.C. § 5861(h), and is subject to forfeiture to the United States pursuant to 26 U.S.C. § 5872(a).

  On October 15, 2019, the Court entered an Order for Summonses and Warrants of Arrest in Rem for the Property and Notice, ECF No. 3, and the Clerk issued the Summonses and Warrants of Arrest in Rem, ECF No. 4.

  Pursuant to the Order, ECF No. 3, the following documents were served on the defendant property and all persons or entities who may claim an interest in the defendant property: the Complaint, ECF No. 1, the Order, ECF No. 3, the Summonses and Warrants, ECF No. 4, and the Notice of Complaint for Forfeiture. Notice was published according to law.

  Pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Fed. R. Civ. P. Supp. Rule) G(5), all persons interested in the defendant property were required to: (1) file a verified claim, setting forth the person's or its interest in the property, that (a) identified the specific property claimed, (b) identified the claimant and stated the claimant's interest in the property, and (c) was signed by the claimant under penalty of perjury pursuant to 28 U.S.C. § 1746; (2) file the verified claim with the Clerk of the above-entitled Court no later than 35 days after the notice is sent or, if direct notice was not sent, no later than 60 days after the first day of publication on the official internet government forfeiture site, www.forfeiture.gov; (3) file an answer to the Complaint for Forfeiture in Rem or a motion under Rule 12 with the Clerk of the Court, Bruce R. Thompson U.S. Courthouse and Federal Building, 400 South Virginia Street, 3rd Floor, Reno, Nevada 89501, no later than 21 days after filing the verified claim; and (4)

serve a copy of the verified claim and the answer at the time of each filing on James A. Blum, Assistant United States Attorney, 501 Las Vegas Boulevard South, Suite 1100, Las Vegas, Nevada 89101. Complaint, ECF No. 1; Order for Summonses and Warrants, ECF No. 3; Summonses and Warrants, ECF No. 4.

On December 10, 2019, the Bureau of Alcohol, Tobacco, Firearms, and Explosives served the Complaint, the Order for Summonses and Warrants of Arrest in Rem for the Property and Notice, the Summonses and Warrants of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest by executing them on the defendant property. Notice of Filing Take into Custody, ECF No. 5.

Public notice of the forfeiture action and arrest was given to all persons and entities by publication via the official internet government forfeiture site, www.forfeiture.gov, from November 5, 2019, through December 4, 2019. Notice of Filing Proof of Publication, ECF No. 6.

On December 5, 2019, the United States Attorney's Office served Carl Herbert, Counsel for Raymond and Tina Clare, by regular and certified return receipt mail with the Complaint for Forfeiture in Rem, the Order for Summonses and Warrants of Arrest for the Property and Notice, the Summonses and Warrants of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest. Notice of Filing Service of Process, ECF No. 7-1, p. 3, 6-8, 10-40, 42-44.

On December 5, 2019, the United States Attorney's Office served Tina Clare by regular and certified return receipt mail with the Complaint for Forfeiture in Rem, the Order for Summonses and Warrants of Arrest for the Property and Notice, the Summonses and Warrants of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest. The certified mail was returned as unclaimed, unable to forward, return to sender. Notice of Filing Service of Process, ECF No. 7-1, p. 3, 6-8, 10-40, 45-48.

On December 5, 2019, the United States Attorney's Office served Silver Bullet Gun Works, LLC, c/o Raymond Clare, by regular and certified return receipt mail with the Complaint for Forfeiture in Rem, the Order for Summonses and Warrants of Arrest for the

Property and Notice, the Summonses and Warrants of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest. Notice of Filing Service of Process, ECF No. 7-1, p. 3-4, 6-8, 10-40, 49-53.

No person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C. § 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

Tina Clare is not in the military service within the purview of the Servicemen's Civil Relief Act of 2003. Exhibit 1.

Raymond Clare is not in the military service within the purview of the Servicemen's Civil Relief Act of 2003. Exhibit 2.

Tina Clare is neither a minor nor an incompetent person.

Raymond Clare is neither a minor nor an incompetent person.

On February 3, 2020, the United States filed a Motion for Entry of Clerk's Default against the defendant property, Tina Clare, Raymond Clare, Silver Bullet Gun Works, and all persons or entities who may claim an interest in the defendant property in the above-entitled action. Motion for Entry of Clerk's Default, ECF No. 8.

On February 4, 2020, the Clerk of the Court entered a Default against the defendant property, Tina Clare, Raymond Clare, Silver Bullet Gun Works, and all persons or entities who may claim an interest in the defendant property in the above-entitled action. Entry of Clerk's Default, ECF No. 9.

**III. The Requirements for Default were met.**

   A. Legal Standard

Civil forfeiture cases have five requirements that must be fulfilled to complete a default: (1) the judgment sought does not differ in kind from, or exceed in amount, what is demanded in the pleadings pursuant to Fed. R. Civ. P. 54(c); (2) the Clerk of the Court has entered default for a sum certain pursuant to Fed. R. Civ. P. 55(b)(1); (3) publication and personal service were completed pursuant to Fed. R. Civ. P. Supp. Rule G(4); (4) the complaint is legally sufficient to support a reasonable belief that the government will be able to meet its burden of proof pursuant to Fed. R. Civ. P. Supp. Rule G(2), *Alan Neuman*

*Prods., Inc. v. Albright,* 862 F.2d 1388, 1392 (9th Cir. 1988); and (5) no person has filed a claim, or the claim(s) have been resolved under 18 U.S.C. § 983(a)(4)(A) or Fed. R. Civ. P. Supp. Rule G(5).

Civil cases that do not directly address forfeiture have seven factors that the Court must consider before entry of default: (1) the substantive merit of the plaintiff's claims; (2) the sufficiency of the complaint; (3) the amount of money at stake; (4) the possibility of prejudice to the plaintiff if relief is denied; (5) the possibility of disputes to any material facts in the case; (6) whether default resulted from excusable neglect; and (7) the public policy favoring resolution of cases on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *SATA GmbH & Co. KG v. USA Italco Int'l Ltd.*, No. 3:18-CV-00351-MMD-WGC, 2019 WL 4601513, at *3 (D. Nev. Sept. 20, 2019); *Covenant Care California, LLC v. Shirk*, No. 217CV00956JADVCF, 2018 WL 3429669, at *1 (D. Nev. July 16, 2018).

For purposes of a default judgment, the well-pled allegations of the complaint are taken as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 918 (9th Cir. 1987). Furthermore, upon default, the defendant's liability is conclusively established and the factual allegations in the complaint, except those relating to damages, are accepted as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The power to grant or deny relief upon an application for default judgment is within the discretion of the Court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

**B. The Forfeiture Requirements for Default Were Met.**

    a. <u>Judgment Sought</u>

Pursuant to Fed. R. Civ. P. 54(c) and 55(b), the judgment by default does not "differ in kind from, or exceed [the] amount" of relief listed in the Complaint for forfeiture

    b. <u>Default and Entry of Default</u>

As shown above, the United States requested entry of Clerk's Default against the defendant property, Tina Clare, Raymond Clare, Silver Bullet Gun Works, and all persons or entities who may claim an interest in the defendant property in the above-entitled action, ECF No. 8. The Clerk entered the Default as requested, ECF No. 9.

c. Notice

Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(a)(iv)(C), the United States published notice via the official internet government forfeiture site, www.forfeiture.gov, for thirty consecutive days. ECF No. 6. Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(b), the United States served the Complaint, the Order for Summonses and Warrants of Arrest in Rem for the Property and Notice, the Summonses and Warrants of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on all known potential claimants. Notice of Filing Service of Process, ECF No. 7.

d. Legal Sufficiency of the Complaint

The Complaint filed in this action was verified. The Court has subject matter jurisdiction, in rem jurisdiction over the defendant property, and venue. The Complaint described the property with reasonable particularity. The Complaint states where the seizure of the defendant property occurred and its current location. The Complaint identifies the statute under which the forfeiture action is brought. The Complaint alleges sufficiently detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial. Fed. R. Civ. P. Supp. Rule G(2); Complaint, ECF No. 1.

e. Status of Potential Claimants

No person has filed a claim and answer and the time to file such has passed.

**C. The Civil Requirements for Default Were Met.**

a. The Plaintiff would be Prejudiced Without a Judgment

The government would be prejudiced if it were to try this case rather than obtain a default judgment, since a trial would require the additional expenditure of human and financial resources. These expenses and efforts are unnecessary because the Complaint established sufficient evidence of the status and forfeitability of the defendant property, and that evidence is uncontested by Tina Clare, Raymond Clare, and Silver Bullet Gun Works. *See United States v. $150,990.00 in U.S. Currency*, No. 2-12-CV-01014-JAD, 2014 WL 6065815, at *2 (D. Nev. Nov. 10, 2014), ("[T]he government would be prejudiced by

*///*

having to expend additional resources litigating an action that appears to be uncontested. This factor favors default judgment.")

    b. & c. The Plaintiff's Claims are Meritorious and the Complaint is Sufficient.

As shown in the statement of the case above, the government has a clear case against the defendant property and the Complaint sufficiently alleges the facts of the case.

    d. The Amount of Money at Stake

The value of the property at stake was clearly established in the Complaint, ECF No. 1, and the defendant property is forfeitable pursuant to 26 U.S.C. § 5872(a).

> Under the fourth *Eitel* factor, the court considers the amount of money at stake in relation to the seriousness of Defendants' conduct. Plaintiff has provided evidence that the currency, a sum of $24,000, was furnished or intended to be furnished in exchange for marijuana, a serious violation of federal law.
>
> *United States v. Twenty-Four Thousand Dollars ($24,000) in U.S. Currency*, No. 02:09-CV-2319-LRH, 2010 WL 2695637, at *3 (D. Nev. July 2, 2010) (quotation marks and citation omitted).

The Complaint alleges the serious crime of the involvement of any firearm in any violation of the National Firearms Act, 26 U.S.C. § 5845(b). The money at stake is the value of the firearms.

    e. There Are No Possible Disputes of Material Fact

No issues of material fact exist and the allegations of the Complaint are established as a matter of law. The defendant property is subject to forfeiture because law enforcement can demonstrate that the defendant property:

  a. is any firearm involved in any violation of the provisions of the National Firearms Act, here a violation of 26 U.S.C. § 5861(d), and is subject to forfeiture to the United States pursuant to 26 U.S.C. § 5872(a).

  b. The MAADI, model ARM, 7.62x39 mm rifle, with obliterated serial number converted into a machinegun by SBGW, is any firearm involved in any violation of the provisions of the National Firearms

10

Act, here a violation of 26 U.S.C. § 5861(h), and is subject to forfeiture to the United States pursuant to 26 U.S.C. § 5872(a).

### f. Default Was Not the Result of Excusable Neglect

The record shows that the claimants were properly served with the Complaint, Order, Summonses and Warrants, and the Notice and failed to file a claim and answer to the Complaint. There is no evidence of excusable neglect.

### g. Public Policy Does not Prevent Default Judgment

Under Fed. R. Civ. P. 55(b), default judgments are allowed. Here, the potential claimant did not file a claim and an answer to the government's Complaint.

> While the Federal Rules do favor decisions on the merits, they also frequently permit termination of cases before the court reaches the merits. As F.R.C.P. 55 indicates, one such instance is when a party fails to defend against an action, which is exactly what [claimants] failed to do in this case. Thus, the preference to decide cases on the merits does not preclude a court from granting default judgment.
>
> *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996) (brackets added).

Denying the government's motion would not further public policy. While cases should be decided on the merits when possible, the claimant has not contested the facts of the Complaint or the forfeiture of the property, which makes a decision on the merits impractical. Therefore, a final default judgment of forfeiture is appropriate. *See Covenant Care California*, 2018 WL 3429669, at *2.

## IV. Judgment

Based on the foregoing this Court finds that the United States has shown its entitlement to a Default Judgment of Forfeiture as to Tina Clare, Raymond Clare, Silver Bullet Gun Works, and all persons or entities who may claim an interest in the defendant property and Final Judgment of Forfeiture as to the defendant property.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture is entered against Tina Clare, Raymond Clare, Silver Bullet Gun Works, and all persons or entities who may claim an interest in the defendant property in the above-entitled action.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Final Judgment of Forfeiture is entered against the defendant property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the defendant property be, and the same is hereby forfeited to the United States of America, and no possessory rights, ownership rights, and no rights, titles, or interests in the property shall exist in any other party.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure or arrest of the defendant property.

_____
HONORABLE MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

DATED: March 27, 2020